UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELIQUE MCKINNEY, as parent and natural guardian of EBONY GAGE, a minor, and RONALD LEWIS GAGE, JR., a minor, and in her own right<br><br>Plaintiff,<br><br>vs.<br><br>PHILADELPHIA HOUSING AUTHORITY, et al.<br><br>Defendants. | CIVIL ACTION NO.: 07-4432 |

PLAINTIFF'S SUBMISSION OF SUPPLEMENTAL AUTHORITY IN
SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS THE AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED

On February 5, 2008, one day after plaintiff filed her Response in Opposition to Defendants' Motion to Dismiss the Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted, the Third Circuit issued an opinion in Phillips v. County of Allegheny, 2008 WL 305025 (3rd Cir. Feb. 5, 2008), which clarifies a number of important issues regarding what is required to plead a valid state-created danger claim. Accordingly, Phillips addresses important issues currently before this Court.

In Phillips, the mother of a murder victim brought a § 1983 claim against, among others, Allegheny County 911 and two of its 911 dispatchers. Id. at *1-2. The gist of the plaintiff's state-created danger claim was that the defendant dispatchers had affirmatively misused their authority in accessing the 911 database and providing confidential information to the murderer, including the address of Mark Phillips, who was the new boyfriend of the murderer's former girlfriend. Id. at *1-2, 9. The murderer then used that information to locate Phillips and the former girlfriend, and then shot them both to death. Id. at *1-2. The District Court dismissed plaintiff's complaint pursuant to defendants' Rule 12(b)(6) motion, "based upon her failure to adequately plead the first, second and fourth elements of the test – that the harm was foreseeable, that the state actor's behavior "shocked the conscience," and that the defendant's conduct rendered Mark Phillips

more vulnerable to danger.  Id. at *7.  The Third Circuit disagreed, and reversed and remanded the case.  Id.

The Third Circuit opinion sets forth a number of findings significant to the issues confronting this Court.  First, contrary to defendants' principle argument in the instant action that a state-created danger case must involve a restraint "similar to incarceration or institutionalization," Defendants' Brief at p. 19, there was no claim of restraint at issue in Phillips.  Rather, the plaintiff alleged that the dispatchers' conduct in disclosing the confidential information was a "deprivation of her son's right to life, liberty and bodily integrity under the Fourteenth Amendment to the Constitution."  Phillips, 2008 WL 305025 at *7.  The Third Circuit agreed that "[i]ndividuals have a constitutional liberty interest in personal bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment."  Id. (citing D.R. v. Middle Bucks Area Vocational Technical School, 972 F.2d 1364, 1368 (3rd Cir. 1992)).  Thus, defendants' argument that there must be a claim for a restraint against liberty akin to incarceration or institutionalization is plainly erroneous.  As plaintiff states in her Response, while she need not claim a restraint against liberty, such as in the special relationship context, defendants' affirmative misuse of authority violated multiple liberty interests.  Plaintiff's Response at p. 27 n.7.  Among those liberties violated, and consistent with Phillips, the defendants' alleged affirmative misuse of authority, which resulted in exposure to and serious harm from life-threatening toxins, certainly was a deprivation of the liberty interest in personal bodily integrity.

Phillips provides important guidance in other aspects of the issues currently confronting this Court. The Third Circuit provides a detailed analysis of what is required to sufficiently plead foreseeability and directness under the fourth-prong of the state-created danger test.  Phillips, 2008 WL 305025 at *10-12.  The Court's analysis makes clear that plaintiff has satisfied her foreseeability and directness pleading burden. The Court also undertakes a careful examination of the "shocks the conscience" requirement, and reaffirms that what is required to be "conscience-shocking" depends upon the circumstances of the case[1].  Id. at *12-13.  In cases like the present one where there was time for the state actors to deliberate, the "shocks the

---

[1] The applicable "conscience shocking" standard is relevant only to arguments raised in defendant Carl Greene's motion to dismiss.

2

conscience" standard is satisfied by showing that defendants "behaved with deliberate indifference to the results of the their actions." Id. at *13. The Third Circuit also reaffirms that the "relationship" requirement of a state-created danger claim need not include allegations of a "special relationship."[2] Rather, "[t]he relationship that must be established between the state and the plaintiff can be 'merely' that the plaintiff was a foreseeable victim, individually or as a member of a distinct class." Id. at *14.

    Plaintiff respectfully brings this important Third Circuit opinion to the Court's attention.

                                      KLINE & SPECTER
                                      A Professional Corporation

Dated: February 6, 2008          BY: /s/ *Michael A. Trunk, Esquire*
                                        SHANIN SPECTER, ESQUIRE (I.D. #40928)
                                        MICHAEL A. TRUNK, ESQUIRE (I.D. #83870)
                                        Attorneys for Plaintiff
                                        1525 Locust Street
                                        The Nineteenth Floor
                                        Philadelphia, PA 19102
                                        (215) 772-1000

---

[2] This reaffirmation also is relevant only to arguments raised in defendant Carl Greene's motion to dismiss.